# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re<br><br>**Walter Hutton**<br><br>Debtor. | **Case no.: 15-22042**<br>**Chapter 13** |
| **Walter Hutton,**<br><br>**Movant,**<br><br>-v-<br><br>**State of Connecticut; City of Hartford; Metropolitan District Commission; HSBC Bank USA, N.A. as Trustee for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust Series 2004-SD1, Asset Backed Pass-Through Certificates; Cavalry SPV I, LLC; Internal Revenue Service; Portfolio Recovery Associates, LLC; Department of Revenue Services,**<br><br>**Respondents.** | **April 27, 2016** |

## <u>AMENDED NOTICE OF CONTESTED MATTER RESPONSE DATE</u>

WALTER HUTTON, (the "Movant") has filed a Motion to Determine Secured Claim Status pursuant to 11 U.S.C. § 506(a) with the U.S. Bankruptcy Court. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than May 11, 2016.* In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

Dated: April 27, 2016          By: WALTER HUTTON, MOVANT

  /s/ David Lavery
David Lavery (ct29971)
Beckett Law, LLC
543 Prospect Avenue
Hartford, CT  06105
T: (860) 236-1111
F: (860) 236-0050
DavidL@beckett-law.com

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re | Case no.: 15-22042 |
| **Walter Hutton** | **Chapter 13** |
| Debtor. | |
| Walter Hutton, | April 26, 2016 |
| Movant, | |
| -v- | |
| State of Connecticut; City of Hartford; Metropolitan District Commission; HSBC Bank USA, N.A. as Trustee for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust Series 2004-SD1, Asset Backed Pass-Through Certificates; Cavalry SPV I, LLC; Internal Revenue Service; Portfolio Recovery Associates, LLC; Department of Revenue Services, | |
| Respondents. | |

## MOTION TO DETERMINE SECURED CLAIM STATUS
## PURSUANT TO 11 U.S.C. § 506(a)

David Lavery, Esq. of Beckett Law, LLC, counsel for the Movant Walter Hutton, moves for a determination of claim status of certain encumbrances of real property, pursuant to 11 U.S.C. § 506(a), and in support thereof represents as follows:

1. On November 26, 2015, Walter Hutton (hereinafter "Movant") filed a petition for relief under Chapter 13 of Title 11 of the U.S. Code.  The case was filed in the U.S. Bankruptcy Court, District of Connecticut, at Hartford, and given Docket Number 15-22042.

2. An Asset of the Movant's bankruptcy estate includes the Debtor's interest in certain property known as 23-25 Sargeant Street, Hartford, Connecticut (formerly known as 21-23 Sargeant Street) (hereinafter "Real Property") The Real Property is his primary residence.

3. At the time of the filing of the Chapter 13 petition, the Real Property had a value of approximately $58,000, as set forth in the appraisal attached as **Exhibit A**.

4. At the time of the filing of the petition, the Real Property was subject to the following encumbrances, in order of priority:

  a. A certificate of lien in favor of the State of Connecticut Department of Social Services in the original principal amount of $0.00 recorded October 1, 1996 in the Hartford Land Records in Volume 3741 at Page 187, and a balance as of the petition date of approximately $0.00.

  b. A tax lien in favor of the City of Hartford in the original principal amount of $124.80 recorded May 28, 2013 in the Hartford Land Records in Volume 6686 at Page 328, and a balance as of the petition date of approximately $0.00.

  c. A tax lien in favor of the City of Hartford in the original principal amount of $1,238.06 recorded June 5, 2014 in the Hartford Land Records in Volume 6823 at Page 188, and a balance as of the petition date of approximately $0.00.

  d. A tax lien in favor of the City of Hartford in the original principal amount of $124.82 recorded June 9, 2015 in the Hartford Land Records in Volume 6944 at Page 147, and a balance as of the petition date of approximately $1,771.36.

  e. A blight lien in the original principal amount of $57,908.00 recorded July 11, 2013 in the Hartford Land Records in Volume 6707 at Page 145, and a balance as of the petition date of approximately $57,908.00.[1]

---

[1] Granted super-priority status pursuant to CGS § 7-148aa, which states:

Lien on real estate where fine for violation of blight ordinance is unpaid.

Any unpaid fine imposed by a municipality pursuant to the provisions of an ordinance regulating blight, adopted pursuant to subparagraph (H)(xv) of subdivision (7) of subsection (c) of section 7-148 shall constitute a lien upon the real estate against which the fine was imposed from the date of such fine. Each such lien may be continued, recorded and released in the manner provided by the general statutes for continuing, recording and releasing property tax liens. Each such lien shall take precedence over all other liens filed after July 1, 1997, and encumbrances except taxes and may be enforced in the same manner as property tax liens.

f.   A certificate of support lien in favor of the State of Connecticut Department of
Social Services in the original principal amount of $500.00 recorded September
16, 1999 in the Hartford Land Records in Volume 4149 at Page 18, and a balance
as of the petition date of approximately $1875.74.

g.   A water utility lien in favor of the Metropolitan District Commission in the
original principal amount of $1,018.58 recorded January 14, 2014 in the Hartford
Land Records in Volume 6775 at Page 147, and a balance as of the petition date
of approximately $4,925.56.

h.   A judgment in favor of Cavalary SPV I, LLC in the original principal amount of
$1,296.08 dated June 11, 2012 and recorded July 10, 2012 in the Hartford Land
Records in Volume 6572 at Page 315, and a balance due as of the petition date of
approximately $376.08.[2]

i.   A federal tax lien in favor of the Internal Revenue Service in the original principal
amount of $37,486.94 recorded April 7, 2009 in the Hartford Land Records in
Volume 6203 at Page 262, and a balance due as of the petition date of
approximately $5,081.82.

j.   A judgment in favor of Portfolio Recovery Associates, LLC in the original
principal amount of $2,285.56 recorded May 5, 2011 in the Hartford Land
Records in Volume 6441 at Page 40, and a balance due as of the petition date of
approximately $2,285.56.

k.   A state tax lien in favor of the Department of Revenue Services in the original
principal amount of $1,562.03 recorded July 2, 2013 in the Hartford Land
Records in Volume 6704 at Page 86, and a balance due as of the petition date of
approximately $1,974.12.

---

[2] Cavalary SPV I, LLC filed Proof of Claim 3 and indicated on the form that it was unsecured. However, the claim
clearly references the judgment that was validly perfected and pursuant to FRBP 9005 the Court may correct the
defect without the need for a separate motion or application.

l.   A mortgage in favor of Northeast Savings Bank, F.A. in the original principal
     amount of $61,700 dated October 29, 1984 and recorded October 30, 1984 in the
     Hartford Land Records in Volume 2219 at Page 271; which mortgage was
     subsequently assigned to HSBC Bank USA, N.A. as Trustee for the Registered
     Holders of ACE Securities Corp. Home Equity Loan Trust Series 2004-SD1,
     Asset Backed Pass-Through Certificates by instrument dated November 12, 2003
     recorded March 5, 2013 in the Hartford Land Records in Volume 6652 at page 80,
     and, upon information and belief, subsequently modified by an unrecorded loan
     modification agreement, with a balance due as of the petition date of $30,521.83.[3]

5.   Liens (4)(a) through (e) above exceed the fair market value of the property.

6.   The Debtor is entitled to and "could claim" an exemption with respect to the Real
     Property under 11 U.S.C. § 522(b) in the amount of $22,975.00.

7.   Pursuant to 11 U.S.C. §§ 506(a), 1322(b)(2) and / or 1325(a)(5),[4] the Movant contends
     the claims described in paragraphs (4)(f) through (l) above, should be deemed fully
     unsecured for purposes of the Chapter 13 plan.

8.   Movant requests a determination of the secured status of these claims for purposes of
     determining the secured and unsecured portions of the same, as it pertains to the
     Confirmation and Consummation of the Debtor's Chapter 13 plan, as follows:

     a.   That the certificate of lien in favor of the State of Connecticut Department of
          Social Services in the original principal amount of $0.00 recorded October 1,
          1996 in the Hartford Land Records in Volume 3741 at Page 187 be deemed
          secured in the amount of $0.00.

---

[3] The mortgage lost its priority as a result of the unrecorded modification.

[4] The sole mortgage in this matter to HSBC Bank USA, N.A. as Trustee for the Registered Holders of ACE
Securities Corp. Home Equity Loan Trust Series 2004-SD1, Asset Backed Pass-Through Certificates matured in
November of 2014, it is subject to cram down under 11 U.S.C. § 1325(a)(5) as long as the Debtor pays the full
amount of the secured portion of the claim. *See* 11 U.S.C. § 1322(c)(2).

b.  That the tax lien in favor of the City of Hartford in the original principal amount of $124.80 recorded May 28, 2013 in the Hartford Land Records in Volume 6686 at Page 328, and a balance as of the petition date of approximately $0.00 be deemed secured in the amount of $0.00.

c.  That the tax lien in favor of the City of Hartford in the original principal amount of $1,238.06 recorded June 5, 2014 in the Hartford Land Records in Volume 6823 at Page 188, and a balance as of the petition date of approximately $0.00 be deemed secured in the amount of $0.00.

d.  That the tax lien in favor of the City of Hartford in the original principal amount of $124.82 recorded June 9, 2015 in the Hartford Land Records in Volume 6944 at Page 147, and a balance as of the petition date of approximately $1,771.36 be deemed secured in the amount of $1,771.36.

e.  That the blight lien in the original principal amount of $57,908.00 recorded July 11, 2013 in the Hartford Land Records in Volume 6707 at Page 145, and a balance as of the petition date of approximately $57,908.00 be deemed secured in the amount of $56,228.64 and unsecured in the amount of $1,679.36.

f.  That the certificate of support lien in favor of the State of Connecticut Department of Social Services in the original principal amount of $500.00 recorded September 16, 1999 in the Hartford Land Records in Volume 4149 at Page 18, and a balance as of the petition date of approximately $1875.74 be fully unsecured.

g.  That the water utility lien in favor of the Metropolitan District Commission in the original principal amount of $1,018.58 recorded January 14, 2014 in the Hartford Land Records in Volume 6775 at Page 147, and a balance as of the petition date of approximately $4,925.56 be deemed fully unsecured.

h.  That the judgment in favor of Cavalary SPV I, LLC in the original principal amount of $1,296.08 dated June 11, 2012 and recorded July 10, 2012 in the Hartford Land Records in Volume 6572 at Page 315, and a balance due as of the

petition date of approximately $376.08 be deemed fully unsecured.

i.   That the federal tax lien in favor of the Internal Revenue Service in the original
     principal amount of $37,486.94 recorded April 7, 2009 in the Hartford Land
     Records in Volume 6203 at Page 262, and a balance due as of the petition date of
     approximately $5,081.82 be deemed fully unsecured.

j.   That the judgment in favor of Portfolio Recovery Associates, LLC in the original
     principal amount of $2,285.56 recorded May 5, 2011 in the Hartford Land
     Records in Volume 6441 at Page 40, and a balance due as of the petition date of
     approximately $2,285.56 be deemed fully unsecured.

k.   That the state tax lien in favor of the Department of Revenue Services in the
     original principal amount of $1,562.03 recorded July 2, 2013 in the Hartford Land
     Records in Volume 6704 at Page 86, and a balance due as of the petition date of
     approximately $1,974.12 be deemed fully unsecured.

l.   That the mortgage in favor of Northeast Savings Bank, F.A. in the original
     principal amount of $61,700 dated October 29, 1984 and recorded October 30,
     1984 in the Hartford Land Records in Volume 2219 at Page 271; which mortgage
     was subsequently assigned to HSBC Bank USA, N.A. as Trustee for the
     Registered Holders of ACE Securities Corp. Home Equity Loan Trust Series
     2004-SD1, Asset Backed Pass-Through Certificates by instrument dated
     November 12, 2003 recorded March 5, 2013 in the Hartford Land Records in
     Volume 6652 at page 80, and subsequently modified by an unrecorded loan
     modification agreement, and a balance due as of the petition date of $30,521.83
     be deemed fully unsecured.

m.   That the holder of any lien referenced herein shall retain such lien to the extend
     permitted under applicable non-bankruptcy law unless and until the Debtor
     receives a discharge under 11 U.S.C. § 1328.

**WHEREFORE**, Movants pray for the following relief:

1. An order determining the secured status of the claims as set forth above for purposes of determining the secured and unsecured portions of the same, as it pertains to the Confirmation and Consummation of the Debtor's Chapter 13 Plan.

2. Such other relief as the Court deems appropriate.

**WALTER HUTTON, Movant**

/s/ David Lavery
David Lavery, Esq. (ct 29971)
Beckett Law, LLC
543 Prospect Avenue
Hartford, CT  06105
T: 860-236-1111
F: 860-236-0050
DavidL@beckett-law.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re | Case no.: 15-22042 |
| **Walter Hutton** | **Chapter 13** |
| Debtor. | |
| **Walter Hutton,** | |
| **Movant,** | |
| **-v-** | |
| **State of Connecticut; City of Hartford; Metropolitan District Commission; HSBC Bank USA, N.A. as Trustee for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust Series 2004-SD1, Asset Backed Pass-Through Certificates; Cavalry SPV I, LLC; Internal Revenue Service; Portfolio Recovery Associates, LLC; Department of Revenue Services,** | |
| **Respondents.** | |

**~PROPOSED~**
**ORDER PURSUANT TO 11 U.S.C. § 506(a)**
**ON MOTION TO DETERMINE CLAIM STATUS**

After notice and a hearing, *see* 11 U.S.C. § 102(1), and in compliance with the Court's Contested Matter Procedure on the Debtor's Motion to Determine Claim Status, ECF No. ___ (the "Motion"), and there being no objection thereto, and it having been represented that:

1.    The fair market value, as of the Petition Date, June 22, 2015, of the Debtor's interest in real property known as 23-25 Sargeant Street, Hartford, Connecticut (formerly known as 21-23 Sargeant Street), the Debtor's primary residence (the "Property"), is $58,000.00.

2.    The encumbrances against the Property are summarized in the Motion.

IT IS ORDERED THAT:

1.     Based on the representations set forth in the Motion, and pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2), the extent to which the Debtor may, in his plan (the "Plan"), treat each of the described secured claims below as "secured" or "unsecured" is as follows:

A. First encumbrance
  i.  Name of encumbrance holder:  State of Connecticut Department of Social Services
  ii.  Type of encumbrance:  Statutory Lien
  iii.  Recording information:
    a.  Volume:  3741
    b.  Page:  187
    c.  City/Town:  Hartford
  iv.  Amount of Encumbrance:  $0.00 in principal and interest as of the petition date, all of which is treated as secured.

B. Second encumbrance
  i.  Name of encumbrance holder:  City of Hartford
  ii.  Type of encumbrance:  Property Tax Lien
  iii.  Recording information:
    a.  Volume:  6686
    b.  Page:  328
    c.  City/Town:  Hartford
  iv.  Amount of Encumbrance:  $0.00 in principal and interest as of the petition date, all of which is treated as secured.

C. Third encumbrance
  i.  Name of encumbrance holder:  City of Hartford
  ii.  Type of encumbrance:  Property Tax Lien
  iii.  Recording information:
    a.  Volume:  6823
    b.  Page:  188
    c.  City/Town:  Hartford
  iv.  Amount of Encumbrance:  $0.00 in principal and interest as of the petition date, all of which is treated as secured.

D. Fourth encumbrance
    i.  Name of encumbrance holder:    City of Hartford
    ii.  Type of encumbrance:    Property Tax Lien
    iii.  Recording information:
        a.  Volume:    6944
        b.  Page:    147
        c.  City/Town:    Hartford
    iv.  Amount of Encumbrance:    $1,771.36 in principal and interest as of the petition date, all of which is treated as secured.

E. Fifth encumbrance
    i.  Name of encumbrance holder:    City of Hartford
    ii.  Type of encumbrance:    Blight Lien
    iii.  Recording information:
        a.  Volume:    6707
        b.  Page:    145
        c.  City/Town:    Hartford
    iv.  Amount of Encumbrance:    $57,908 in accrued fines and interest as of the petition date, $56,228.40 of which is treated as secured and $1,771.36 of which is treated as unsecured.

F. Sixth encumbrance
    i.  Name of encumbrance holder:    State of Connecticut Department of Social Services
    ii.  Type of encumbrance:    Support Lien
    iii.  Recording information:
        a.  Volume:    4149
        b.  Page:    18
        c.  City/Town:    Hartford
    iv.  Amount of Encumbrance:    $1,875.74 in outstanding support obligations as of the petition date, all of which is treated as unsecured.

G. Seventh encumbrance
    i.  Name of encumbrance holder:    Metropolitan District Commission
    ii.  Type of encumbrance:    Statutory Lien
    iii.  Recording information:
        a.  Volume:    6775
        b.  Page:    147
        c.  City/Town:    Hartford
    iv.  Amount of Encumbrance:    $4,925.56 in principal and interest as of the petition date, all of which is treated

as unsecured.

H. Eighth encumbrance
  i.  Name of encumbrance holder:     Cavalry SPV I, LLC
  ii.  Type of encumbrance:           Judgment lien
  iii.  Recording information:
        a.  Volume:                   6072
        b.  Page:                     88
        c.  City/Town:                Hartford
  iv.  Amount of Encumbrance:         $376.08 in principal and interest as of the
                                      petition date, all of which is treated as
                                      unsecured.

I. Ninth encumbrance
  i.  Name of encumbrance holder:     Internal Revenue Service
  ii.  Type of encumbrance:           Federal tax lien
  iii.  Recording information:
        a.  Volume:                   6203
        b.  Page:                     262
        c.  City/Town:                Hartford
  iv.  Amount of Encumbrance:         $5,081.82 in principal and interest as of
                                      the petition date, all of which is treated
                                      as unsecured.

J. Tenth encumbrance
  i.  Name of encumbrance holder:     Portfolio Recovery Associates, LLC
  ii.  Type of encumbrance:           Judgment Lien
  iii.  Recording information:
        a.  Volume:                   6441
        b.  Page:                     40
        c.  City/Town:                Hartford
  iv.  Amount of Encumbrance:         $2,285.56 in principal as of the petition
                                      date, all of which is treated as
                                      unsecured.

K. Eleventh encumbrance
  i.  Name of encumbrance holder:     State of Connecticut Department of
                                      Revenue Services
  ii.  Type of encumbrance:           State tax lien
  iii.  Recording information:
        a.  Volume:                   6704
        b.  Page:                     86
        c.  City/Town:                Hartford
  iv.  Amount of Encumbrance:         $1,974.12 in principal and interest as of
                                      the petition date, all of which is treated
                                      as unsecured.

L. Twelfth encumbrance
    i.  Name of encumbrance holder:    HSBC Bank USA, N.A. as Trustee for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust Series 2004-SD1, Asset Backed Pass-Through Certificates
    ii.  Type of encumbrance:    Mortgage
    iii.  Recording information:
        a.  Volume:    2219
        b.  Page:    271
        c.  City/Town:    Hartford
    iv.  Amount of Encumbrance:    $30,521.83 in principal and interest as of the petition date, all of which is treated as unsecured.

IT IS FURTHER ORDERED THAT:

The holder of any lien referenced herein shall retain such lien to the extent permitted under applicable non-bankruptcy law unless and until the Debtor(s) receive(s) a discharge under 11 U.S.C. § 1328.

# EXHIBIT A

**Residential Appraisal Report**

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

**PURPOSE**

Client Name/Intended User Walter Hutton   E-mail
Client Address 23 Sargeant Street   City Hartford   State CT   Zip 06105
Additional Intended User(s) Clients attorney.

Intended Use Estimate of market value for bankruptcy related matters.

**SUBJECT**

Property Address 23 Sargeant Street   City Hartford   State CT   Zip 06105
Owner of Public Record Walter Hutton   County Hartford
Legal Description volume 6862 page 204
Assessor's Parcel # 200-266-195   Tax Year 2013   R.E. Taxes $ 2,728.24
Neighborhood Name Asylum Hill   Map Reference 200-266-195   Census Tract 5034
Property Rights Appraised [X] Fee Simple  [ ] Leasehold  [ ] Other (describe)
My research [X] did [ ] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer: Date 09/16/2014   Price $0   Source(s) land records
Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)   Family transfer on 09/16/2014.

**SALES HISTORY**

Offerings, options and contracts as of the effective date of the appraisal.   None known.

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location [X] Urban [ ] Suburban [ ] Rural | | | Property Values [X] Increasing [X] Stable [ ] Declining | | | PRICE $(000) | AGE (yrs) | One-Unit | 15 % |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | | | Demand/Supply [ ] Shortage [X] In Balance [ ] Over Supply | | | 30 Low 5 | | 2-4 Unit | 45 % |
| Growth [ ] Rapid [X] Stable [ ] Slow | | | Marketing Time [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | | | 205 High 100+ | | Multi-Family | 15 % |
| | | | | | | 110 Pred. 80 | | Commercial | 20 % |
| | | | | | | | | Other public | 5 % |

Neighborhood Boundaries railroad tracks to the north; Woodland Street to the west; Asylum Avenue to the south; Garden Street to the east.
Neighborhood Description See Attached Addendum

Market Conditions (including support for the above conclusions) Mortgage funds are readily available from a number of lending institutions at competitive rates.The subject would typically sell utilizing conventional or FHA financing.

**SITE**

Dimensions RF 34 x 98 x 34 x 98   Area 3332 Sq.Ft. +/-   Shape rectangular   View average
Specific Zoning Classification R-4   Zoning Description residence district up to 3 unit building-6000 sq ft min lot size
Zoning Compliance [ ] Legal [X] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No If No, describe. Location, site, zoning & improvements all support the highest & best use conclusion, both "as if vacant" & "as improved", as a 3 unit building.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street asphalt | | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley none | | |

Site Comments No apparent adverse easements or encroachments. No known or observed adverse environmental conditions. No significant unusual external obsolescence noted at the time of the appraisal inspection. Lot size is smaller than current zoning regulations require but lot pre-dates. Can be rebuilt if destroyed.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | FOUNDATION | EXTERIOR DESCRIPTION materials | INTERIOR materials |
|---|---|---|---|
| Units [ ] One [X] One w/Acc. unit [X] 3 | [ ] Concrete Slab [ ] Crawl Space | Foundation Walls stone | Floors hardwood, vinyl |
| # of Stories 3 | [X] Full Basement [ ] Partial Basement | Exterior Walls asphalt shingle | Walls mixed |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | Basement Area 963 sq. ft. | Roof Surface asph shingle | Trim/Finish wood |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish 0 % | Gutters & Downspouts aluminium | Bath Floor ceramic tile |
| Design (Style) 3 unit walk up | [X] Outside Entry/Exit [ ] Sump Pump | Window Type dh vinyl | Bath Wainscot mixed |
| Year Built 1900 | | Storm Sash/Insulated dg | Car Storage [ ] None |
| Effective Age (Yrs) 45 | | Screens yes | [X] Driveway # of Cars 1 |
| Attic [X] None | Heating [ ] FWA [X] HW [ ] Radiant | Amenities WoodStove(s) #0 | Driveway Surface earthen |
| [ ] Drop Stair [ ] Stairs | Other Fuel gas-3 | Fireplace(s) # 0 [X] Fence rear yard | [ ] Garage # of Cars 0 |
| [ ] Floor [ ] Scuttle | Cooling [ ] Central Air Conditioning | [ ] Patio/Deck [X] Porch covered | [ ] Carport # of Cars 0 |
| [ ] Finished [ ] Heated | [ ] Individual [X] Other none | [ ] Pool none [ ] Other none | [ ] Att. [ ] Det. [ ] Built-in |
| Appliances [ ] Refrigerator [X] Range/Oven | [ ] Dishwasher [ ] Disposal [ ] Microwave | [ ] Washer/Dryer [ ] Other (describe) | |

Finished area above grade contains: 12 Rooms   6 Bedrooms   3 Bath(s)   2,889 Square Feet of Gross Living Area Above Grade
Additional Features ceiling fan, gas fired hot water heater.

Comments on the Improvements Based on the best available information (typically the city or town assessors or building departments records) the subject was built prior to 1978 and therefore, may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. The appraiser(s) are not experts in lead-based paint, therefore, a risk assessment or inspection for possible lead-based paint hazards is recommended to actually determine the presence or lack thereof.
The subject is ready for updating/improvements judged to be in below average to fair overall condition.





| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 23 Sargeant Street<br>Hartford, CT 06105 | 25 Cabot Street<br>Hartford, CT 06112 | | 155 Homestead Avenue<br>Hartford, CT 06112 | | 42 Milford Street<br>Hartford, CT 06112 | |
| Proximity to Subject | | 0.28 miles NW | | 0.22 miles NW | | 0.64 miles NW | |
| Sale Price | $ | $ | 65,000 | $ | 67,000 | $ | 75,000 |
| Sale Price/Gross Liv. Area | $          0.00 sq. ft. | $       17.09 sq. ft. | | $       15.18 sq. ft. | | $       24.14 sq. ft. | |
| Data Source(s) | inspection | MLS, land & assessor records | | MLS, land & assessor records | | MLS, land & assessor records | |
| Verification Source(s) | town records | volume 6827 page 72 | | volume 6882 page 335 | | volume 6895 page 101 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | commercial mtg | | private mtg | | no mortgage | |
| Concessions | | none known | | none known | | none known | |
| Date of Sale/Time | | 06/09/2014 | | 02/04/2015 | | 12/24/2014 | |
| Location | urban | urban | | urban | | urban | |
| Leasehold/Fee Simple | fee simple | fee simple | | fee simple | | fee simple | |
| Site | 0.08 ac | 0.171 ac | 0 | 0.201 ac | 0 | 0.141 ac | 0 |
| View | average | average | | average | | average | |
| Design (Style) | 3 unit walk up | 3 unit walk up | | 3 unit walk up | | 3 unit walk up | |
| Quality of Construction | average | average | | average | | average | |
| Actual Age | 115 | 115 | | 95 | 0 | 91 | 0 |
| Condition | below avg to fair | below avg to fair | | below avg to fair | | below avg to fair | |
| Above Grade | Total 12 Bdrms 6 Baths 3 | Total 15 Bdrms 6 Baths 3 | 0 | Total 18 Bdrms 9 Baths 3 | 0 | Total 14 Bdrms 6 Baths 3 | 0 |
| Room Count | | | | | | | |
| Gross Living Area 5.00 | 2,889 sq. ft. | 3,804 sq. ft. | -4,600 | 4,413 sq. ft. | -7,600 | 3,107 sq. ft. | -1,100 |
| Basement & Finished | full | full | | full | | full | |
| Rooms Below Grade | unfinished | unfinished | | unfinished | | unfinished | |
| Functional Utility | average | average | | average | | average | |
| Heating/Cooling | hw/no cac | hw/no cac | | hw/no cac | | hw/no cac | |
| Energy Efficient Items | none known | none known | | none known | | none known | |
| Garage/Carport | 1 car driveway | 3 car garage | -3,000 | 2 car garage | -2,000 | 3 car garage | -3,000 |
| Porch/Patio/Deck | porch | porches | | porch | | porches | |
| Net Adjustment (Total) | | [ ]+ [X]- $ | 7,600 | [ ]+ [X]- $ | 9,600 | [ ]+ [X]- $ | 4,100 |
| Adjusted Sale Price | | Net Adj. -11.7% | | Net Adj. -14.3% | | Net Adj. -5.5% | |
| of Comparables | | Gross Adj. 11.7% $ | 57,400 | Gross Adj. 14.3% $ | 57,400 | Gross Adj. 5.5% $ | 70,900 |

Summary of Sales Comparison Approach   See Attached Addendum

Discussion of methods and techniques employed, including reason for excluding an approach to value:   The Sales Comparison Approach to value is the best
indicator of value as it best reflects the actions of the buyers in this market.

Reconciliation comments:   The Cost Approach is not a good indicator of value due to the age of the improvements and the difficulty in
accurately estimating accrued depreciation. The Income Approach was not developed due to lack of market data in this area- typically
purchased for owner occupancy. The Sales Comparison to value best reflects the typical buyers and sellers actions in this market place.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is
the subject of this report as of   05/01/2015   , which is the effective date of this appraisal, is:
[X] Single point $  58,000     [ ] Range $ _____ to $ _____   [ ] Greater than  [ ] Less than  $ _____
This appraisal is made  [ ] "as is,"  [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
[ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed  [ ] subject to the following:



**Residential Appraisal Report**    File No. 050115KH

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 23 Sargeant Street Hartford, CT 06105 | 251 South Marshall Street Hartford, CT 06105 | | | | | |
| Proximity to Subject | | 0.71 miles SW | | | | | |
| Sale Price | $ | | $ 80,500 | | $ | | $ |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 27.21 sq. ft. | | $ sq. ft. | | $ sq. ft. | |
| Data Source(s) | inspection | MLS, land & assessor records | | | | | |
| Verification Source(s) | town records | volume 6904 page 76 | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | | hardmoney mtg none known | | | | | |
| Date of Sale/Time | | 01/30/2015 | | | | | |
| Location | urban | urban | | | | | |
| Leasehold/Fee Simple | fee simple | fee simple | | | | | |
| Site | 0.08 ac | 0.161 ac | 0 | | | | |
| View | average | average | | | | | |
| Design (Style) | 3 unit walk up | 3 unit walk up | | | | | |
| Quality of Construction | average | average | | | | | |
| Actual Age | 115 | 105 | 0 | | | | |
| Condition | below avg to fair | average | -8,000 | | | | |
| Above Grade Room Count | Total 12 Bdrms. 6 Baths 3 | Total 12 Bdrms. 5 Baths 3 | 0 | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Gross Living Area | 5.00 2,889 sq. ft. | 2,959 sq. ft. | 0 | sq. ft. | | sq. ft. | |
| Basement & Finished Rooms Below Grade | full unfinished | full unfinished | | | | | |
| Functional Utility | average | average | | | | | |
| Heating/Cooling | hw/no cac | hw/no cac | | | | | |
| Efficient Items | none known | none known | | | | | |
| Carport | 1 car driveway | 2 car garage | -2,000 | | | | |
| Porch/Patio/Deck | porch | porches | | | | | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 10,000 | ☐ + ☐ - $ | | ☐ + ☐ - $ | |
| Adjusted Sale Price of Comparables | | Net Adj. -12.4% Gross Adj. 12.4% $ | 70,500 | Net Adj. % Gross Adj. % $ | | Net Adj. % Gross Adj. % $ | |

Summary of Sales Comparison Approach

*(vertical left margin:)* SALES COMPARISON APPROACH



ADDENDUM

| Client: Walter Hutton | | File No.: 050115KH | |
| Property Address: 23 Sargeant Street | | Case No.: | |
| City: Hartford | State: CT | | Zip: 06105 |

### A. PURPOSE AND FUNCTION OF THE APPRAISAL

The purpose of this appraisal is to estimate the market value of the subject property as defined by the Federal National Mortgage Association (Fannie Mae), The Federal Home Loan Mortgage Corporation (Freddie Mac), and the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). The function of the appraisal is to assist the identified client in determining the market value of the subject property.

### B. THE SCOPE OF THE APPRAISAL PROCESS

The appraisal report is based on a physical inspection of the neighborhood, subject property, and the analysis of information gathered from public or private records that may have an influence on the value of the property. The valuation process includes an exterior inspection of all comparables considered to physically verify as much data as possible for comparison purposes to the subject property.

### C. ENVIRONMENTAL DISCLAIMER

The value estimated in this report is based on the assumption that the property is not negatively affected by the existence of hazardous substances or detrimental environmental conditions. The appraiser's routine inspection of and inquiries about the subject property did not develop any information that indicated any apparent significant hazardous substances or detrimental environmental conditions which would affect the property negatively, unless otherwise stated in this report. It is possible that tests and inspections made by the qualified hazardous substance and environmental expert would reveal the existence of hazardous materials or detrimental environmental conditions on or around the property that would negatively affect its value.

WOOD BORING INSECT CONDITIONS:

Termite/Wood Boring insects are indigenous to the north eastern portion of the country. The appraiser did not observe any wood boring insect activity during the normal course of the appraisal inspection. The appraiser did not perform an inspection for the purpose of uncovering active insect infestation and assumes no responsibility if such infestation does exist. .

### E. ADDITIONAL CERTIFICATIONS

APPRAISAL STANDARDS:  The appraiser's analysis, opinions and conclusions were developed and this report has been prepared in conformity with the Uniform Standards of Professional Appraisal Practice (USPAP). The Departure Provision of USPAP was utilized in preparation of this report.  The Income Approach to Value was not utilized due to the lack of sufficient rental data to accurately develope a Gross Rent Multiplier.  Single Family Dwellings in this market area are not typically purchased for investment purposes and are typically owner occupied.

APPRAISER COMPETENCY:  In accordance with the competency provision in the Uniform Standards of Professional Appraisal Practice (USPAP), the appraiser certifies that his/her education, experience and knowledge is sufficient to appraise the type of property appraised.

APPRAISER INDEPENDENCE:  The appraiser certifies that (1) the appraisal assignment was not based upon a requested minimum valuation, specific valuation, or the approval of a loan; (2) employment, or future employment was not conditioned upon the appraisal producing a specific value or value within a given range; (3) employment, compensation and future employment are not based upon whether a loan application is approved; (4) neither the appraiser nor any person with an ownership interest in the company employing the appraiser, or related to, or has any ownership or other financial interest in, either the builder/developer, seller, buyer, mortgage broker or real estate broker/salesperson (or any person related to any of them) involved in the transaction for which this appraisal has been requested, or with the most recent sale or refinancing of property used as a comparable property in this appraisal; and (5) the appraiser is not aware of any facts which would qualify him/her from being deemed an independent appraiser.

### F. HUD LENDING CONDITIONS

If this appraisal was prepared for FHA mortgage lending, the appraisal is prepared within the guidelines set by HUD.  The appraiser is not a home inspector, engineer, plumber, electrician, or HVA\C contractor. The appraiser does have the knowledge required by HUD to do an appraisal on the property, and include a limited review of the physical condition of the home to reveal obvious and significant defects as mandated by HUD in HUD letter #99-99 on 8/10/99.  An inspection by licensed contractors, who specialize in building inspection, and/or construction may reveal deficiencies that are different from the items revealed by the appraiser. The appraiser reserves the right to amend his/her opinion of value if inspections reveal items that were not obvious to the appraiser.  THIS IS TO CERTIFY THAT THIS IS TRUE AND CORRECT AND THE APPRAISER IS NOT PARTICIPATING IN THE HUD SALES PROGRAM.

NO VALUE GIVEN TO NON REALTY ITEMS.
Neighborhood Description
The subject is located in the Asylum Hill section of the City of Hartford. The neighborhood consists of a mix of land uses typical of an older urban city in New England. The subject is within walking distance to the CBD of the City of Hartford and within walking distance to insurance companies and St Francis Hospital for employment.
Average overall accessibility to all required public and private services.
The area is automobile oriented and is well serviced by numerous arteries. Public transportation is readily available as well.
No known or observed adverse environmental conditions noted at the time of the inspection.

Comments on Sales Comparison
An analysis has been made of the available data from the assessor's sales files and the MLS to establish an indication of Market Value. Adjustments as indicated are typically determined by matched pairs.
THE APPRAISERS COMPARABLE SEARCH AND RESULTS
The initial comp search focused on sales of 3 unit buildings similar to the subject i GLA, utility and condition being located in

ADDENDUM

| Client: Walter Hutton | | File No.: 050115KH | |
|---|---|---|---|
| Property Address: 23 Sargeant Street | | Case No.: | |
| City: Hartford | State: CT | | Zip: 06105 |

close proximity and that sold/closed within the prior year.
The 4 captioned sales are 3 unit buildings. Comp 4 is very similar to the subject in GLA. Comps 1, 2 and 3 were judged to be reasonably similar in overall condition to that of the subject.
The 4 captioned sales are located within 0.75 miles of the subject and sold/closed within the prior year.
All market data was reviewed and considered in the final analysis with an emphasis placed near the lower end of the indicated value range due to the present condition of the subject.

FLOORPLAN SKETCH

| Client: Walter Hutton | | File No.: 050115KH |
| Property Address: 23 Sargeant Street | | Case No.: |
| City: Hartford | State: CT | Zip: 06105 |



| Client: Walter Hutto | | |
| --- | --- | --- |
| Property Address: 23 Sargeant Street | | |
| City: Hartford | State: CT | Zip: 06105 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: May 1, 2015
Appraised Value: $ 65,000



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

COMPARABLE PROPERTY PHOTO ADDENDUM

Client: Walter Hutto Case 15-22042   Doc 33   Filed 04/27/16   Entered 04/27/16 19:37:58   Desc Main
Property Address: 23 Sargeant Street                Document        Page 22 of 29
City: Hartford                                        State: CT            Zip: 06105



**COMPARABLE SALE #1**

25 Cabot Street
Hartford, CT 06112
Sale Date: 06/09/2014
Sale Price: $ 65,000



**COMPARABLE SALE #2**

155 Homestead Avenue
Hartford, CT 06112
Sale Date: 02/04/2015
Sale Price: $ 67,000



**COMPARABLE SALE #3**

42 Milford Street
Hartford, CT 06112
Sale Date: 12/24/2014
Sale Price: $ 75,000

**COMPARABLE PROPERTY PHOTO ADDENDUM**

| | | | | |
|---|---|---|---|---|
| Client: Walter Hutto | Case 15-22042 | Doc 33 | Filed 04/27/16 | Entered 04/27/16 19:37:58 | Desc Main |
| Property Address: 23 Sargeant Street | | Document | Page 23 of 29 | |
| City: Hartford | | State: CT | | Zip: 06105 |



**COMPARABLE SALE #4**

251 South Marshall Street
Hartford, CT 06105
Sale Date: 01/30/2015
Sale Price: $ 80,500



**COMPARABLE SALE #5**

Sale Date:
Sale Price: $

**COMPARABLE SALE #6**

Sale Date:
Sale Price: $

| Client: Walter Hutton | File No.: 050115KH |
| Property Address: 23 Sargeant Street | Case No.: |
| City: Hartford | State: CT | Zip: 06105 |

## RESIDENTIAL APPRAISAL ASSOCIATES
*A Division of MBAC*

P.O. Box 270817, West Hartford, Connecticut 06127-0817
Telephone (860) 523-9756

### STATE OF CONNECTICUT ✦ DEPARTMENT OF CONSUMER PROTECTION

Be it known that

**KEITH W BURRITT**
**49 HILLDALE RD**
**WEST HARTFORD, CT 06117-1414**

has been certified by the Department of Consumer Protection as a licensed

### CERTIFIED GENERAL REAL ESTATE APPRAISER

License # RCG.0000094

Effective: 05/01/2015
Expiration: 04/30/2016

Jonathan A. Harris, Commissioner

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



## Appraiser's Certification

**The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:**

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

**Additional Certifications:**

This appraiser has not appraised/serviced the subject property in the prior 3 years.

The appraiser inspected the first floor unit, the basement and exterior of the subject. All 3 units were inspected 10/07/2002.

---

**Definition of Value:** [X] Market Value [ ] Other Value:
**Source of Definition:** Interagency Appraisal and Evaluation Guidelines, December 10, 2010

The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

(1) buyer and seller are typically motivated;
(2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest;
(3) a reasonable time is allowed for exposure in the open market;
(4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
(5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

---

ADDRESS OF THE PROPERTY APPRAISED:
23 Sargeant Street
Hartford, CT  06105
EFFECTIVE DATE OF THE APPRAISAL: 05/01/2015
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 58,000

| APPRAISER | SUPERVISORY APPRAISER |
|---|---|
| Signature: | Signature: |
| Name: Keith Burritt | Name: |
| State Certification # RCG.0000094 | State Certification # |
| or License # | or License # |
| or Other (describe):          State #: | or Other (describe):          State #: |
| State: CT | State: |
| Expiration Date of Certification or License: 04/30/2016 | Expiration Date of Certification or License: |
| Date of Signature and Report: 05/07/2015 | Date of Signature: |
| Date of Property Viewing: 05/01/2015 | Date of Property Viewing: |
| Degree of property viewing: | Degree of property viewing: |
| [X] Interior and Exterior [ ] Exterior Only [ ] Did not personally view | [ ] Interior and Exterior [ ] Exterior Only [ ] Did not personally view |



Produced using ACI software, 800.234.8727 www.aciweb.com
Page 4 of 4

This form Copyright © 2005-2014 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  1/2014
GPARSUMWOO_1 01022014

Residential Appraisal Associates

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re | Case no.: 15-22042 |
| **Walter Hutton** | **Chapter 13** |
| Debtor. | |
| **Walter Hutton,** | **April 27, 2016** |
| **Movant,** | |
| **-v-** | |
| **State of Connecticut; City of Hartford; Metropolitan District Commission; HSBC Bank USA, N.A. as Trustee for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust Series 2004-SD1, Asset Backed Pass-Through Certificates; Cavalry SPV I, LLC; Internal Revenue Service; Portfolio Recovery Associates, LLC; Department of Revenue Services,** | |
| **Respondents.** | |

### AMENDED CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 27th day of April, 2016, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. **Documents Served**:

    1. Notice of Contested Matter Response Date
    2. Motion to Determine Secured Claim Status
    3. Proposed Order
    4. Exhibit A
    5. Certificate of Service

2. **Parties Served Via First Class Mail**:

    1. Walter Hutton
       23 Sargeant Street
       Hartford, CT 06105

    2. Portfolio Recovery Associates, LLC
       Attn.: President / CEO
       POB 12914

Norfolk, VA 23541-0000

Portfolio Recovery Associates, LLC
Attn.: President / CEO
c/o Corporation Service Company
50 Weston Street
Hartford, CT, 06120-1537

3.   Cavalry SPV I, LLC as assignee of CitiFinancial
c/o Cavalry Portfolio Services, LLC
Attn.: Raymond Cruz, Bankruptcy Specialist
500 Summit Lake Drive, Ste. 400
Valhalla, NY 10595

4.   Internal Revenue Service
Attn.: Marla A. Brockenton, Bankruptcy Specialist
130 South Elmwood Ave
Buffalo, NY 14202

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20530-0001

Civil Process Clerk
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510

**3.   <u>Parties served via CM/ECF</u>:**

1.   Suzann L. Beckett on behalf of Debtor Walter Hutton
SuzannB@Beckett-Law.com, Carlao@Beckett-Law.com

2.   Andrew S. Cannella on behalf of Creditor HSBC Bank USA, N.A., as Trustee for
the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series
2004-SD1, Asset Backed Pass-Through Certificates
bkecf@bmpc-law.com

3.   Jonathan E. Harding on behalf of Creditor State of CT, Department of Social
Services, Bureau of Child Support Enforcement
jonathan.harding@ct.gov

4.   Cynthia Lauture on behalf of Creditor City of Hartford
cynthia.lauture@hartford.gov

5. David Lavery on behalf of Debtor Walter Hutton
   davidl@beckett-law.com

6. Mitchell J. Levine on behalf of Creditor The Metropolitan District
   MLevine@nairlevin.com

7. Michael T. Rozea on behalf of Creditor Ocwen Loan Servicing, LLC, as servicer
   for HSBC Bank USA, N.A., as Trustee for the Registered Holders of ACE
   Securities Corp. Home Equity Loan Trust, Series 2004-SD1, Asset Backed Pass-
   Through Certifi
   mrozea@leopoldassociates.com, ecf@leopoldassociates.com

8. Linda A. Russo on behalf of Creditor State of CT, Dept. of Revenue Services
   linda.russo@ct.gov

9. U. S. Trustee
   USTPRegion02.NH.ECF@USDOJ.GOV

10. Molly T. Whiton
    mtwhiton@mtwhiton.com


Dated: April 27, 2016                        _/s/ David Lavery____
                                             David Lavery (ct29971)
                                             Beckett Law, LLC
                                             543 Prospect Avenue
                                             Hartford, CT  06105
                                             T: (860) 236-1111
                                             F: (860) 236-0050
                                             DavidL@beckett-law.com