**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re | Case No.: 15-22042-amn |
| Walter Hutton aka Walter T. Hutton, | Chapter 13 |
| Debtor. | April 28, 2016 |

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Walter Hutton, the Debtor in the above-referenced matter, hereby replies to the Motion for Relief from Stay filed by Ocwen on behalf of HSBC Bank USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2004-SD1, Asset Backed Pass-Through Certificates (hereinafter "Movant"), as follows:

1. The Movant filed a motion for relief claiming that the full balance of the mortgage was due on November 1, 2014 as a balloon payment. However, the Movant also inexplicably has claimed that the mortgage is also due for post-petition payments.

2. The plain terms of the modification agreement annexed to the Movant's application indicates that no payments were due after November 1, 2014. The Movant's motion is contradictory and the claim that payments were due post-petition demonstrates the unreliability of the Movant's business records.

3. The Debtor is filing this objection late because the Debtor was informed that no motion for relief would be filed if he applied for a loan modification. The Debtor applied for a loan modification prior to April 1, 2016 and received an acknowledgment of his application by letter dated April 1, 2016.

**ARGUMENT**

I. **The Movant's claim is subject to "cram down," or modification and bifurcation under 11 U.S.C. § 1325(a)(5) and therefore the motion for relief should be overruled.**

4. Mortgage claims for a debtor's principal residence are typically subject to the anti-modification provisions of 11 U.S.C. § 1322(c)(1) if even $1 of the claim is secured. However, there is an exception to this general rule contained in 11 U.S.C. § 1322(c)(2). Where the "last payment on the original payment schedule" is "due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5)." *See also American Gen. Fin., Inc. v. Paschen (In re Paschen)*, 296 F.3d 1203 (11th Cir. 2002); *In re Eubanks*, 219 B.R. 468 (B.A.P. 6th Cir. 1998); *In re Latimer*, 395 B.R. 304, 308 (Bankr. W.D.N.Y. 2008) (noting that Congress specifically elected not to overrule *Paschen* in the 2005 code amendments).[1]

5. 11 U.S.C. § 1325(a)(5) provides, in relevant part, as follows:

> with respect to each allowed secured claim provided for by the plan—
> \*\*\*
> (B)(i) the plan provides that—
>    (I) the holder of such claim retain the lien securing such claim until the earlier of—
>       (aa) the payment of the underlying debt determined under nonbankruptcy law; or

---

[1] For a single contrary, and heavily criticized decision, *see In re Witt*, 113 F.3d 508 (4th Cir. 1997); *see also In re Hubbell*, 496 B.R. 784, fn 9 (Bankr. E.D.N.C. 2013) ("*Witt* has been described as 'mak[ing] a mess of several other well-settled provisions of the Code' by 'trump[ing] the plain language of the statute with the ambiguous silence of legislative history.' *In re Tekavec*, 476 B.R. 555, 556 n. 2 (Bankr.E.D.Wis.2012) (quoting *First Union Mortg. Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 471 (6th Cir. BAP 1998)); *see, e.g.*, *Paschen*, 296 F.3d at 1208-09 ('The *Witt* court's view that the phrase 'as modified' modifies 'payment'' rather than 'claim,' is a grammatically strained reading.... [that] contradicts the rule of the last antecedent, an accepted canon of statutory construction....'); *In re Mattson*, 210 B.R. 157, 160 (Bankr.D.Minn.1997) (characterizing the Fourth Circuit's interpretation of § 1322(c)(2) in *Witt* as 'unnatural and [violative of] rules of both common sense and grammar, not to mention the last antecedent rule of statutory construction.").

>>(bb) discharge under section 1328; and
>(II) if the case under this chapter is dismissed or convered without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>(ii) the value, as of the effective date of the plan, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>(iii) if—
>>(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; …
>>(II) \*\*\*

\*\*\*

6. Modification under 11 U.S.C. § 1325(a)(5) is further subject to subsection (b) that requires that (1) the "value of the property" to be distributed is not less than the amount of the claim and (2) the plan provides all of the debtor's disposable income will be applied to make payments to unsecured creditors.

7. Here, the value of the property is $58,000. In order to utilize § 1325(a)(5), the debtor must pay the value through the plan, plus 10%, or $63,800, plus any priority claims. At this time, the total plan payment required would be $80,280 including priority claims, attorneys' fees, interest to creditors, and the trustee's commission. This requires a plan payment of $1,338 for 60 months.

8. The Debtor's Schedules I & J presently show a net income of $754, but the debtor completed renovations on one of the apartments and anticipates having a tenant at a rental rate of $550 per month within a month. Including credit for pre-confirmation payments, the Debtor has sufficient income to confirm a plan as indicated above.

9. Therefore, a plan that proposes to cram-down the Movant's mortgage, to the extent it is even secured, is feasible.

10. Presently, the secured portion of the Movant's claim is $0. *See* ECF No.: 33. In the event any portion of the Movant's claim is deemed secured, it will be paid in full through the plan.

11. Based on the foregoing, the Debtor requests that the motion be overruled.

## II. **RESPA and Regulation X prohibit a mortgage servicer from initiating a foreclosure action until a complete loss mitigation application has been reviewed and the applicable appeal period has expired.**

12. RESPA and Regulation X prohibit a mortgage servicer from commencing or completing a foreclosure action while a loss mitigation application is pending. This is known as the prohibition against "dual-tracking." 12 CFR 1024.41(f)(2)[2] provides, in relevant part:

> Application received before foreclosure referral. If a borrower submits a complete loss mitigation application … before a servicer has made the first notice or filing required by applicable law for any judicial … foreclosure process, a servicer shall not make the first notice or filing required by applicable law for any judicial … foreclosure process unless:
>
> (i) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable [or] the borrower has not requested an appeal within the applicable time period for requesting an appeal…

13. Per the Movant's letter, a modification application was received prior to April 1, 2016. The Movant acknowledged receipt, but has not provided a letter that no option was available and that the appeal period had expired. However, the Movant still moved for relief on April 4, 2016. The Movant made "the first notice or filing required by applicable law for any judicial … foreclosure process" by moving for relief from the automatic stay on April 4, 2016.

---

[2] Effective Jan. 10, 2014.

Because the Debtor is presently under the protection of 11 USC § 362, a motion for relief is the "first filing" required by "applicable law."

14. 12 CFR 1024.41(a) further provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."[3]

15. Because Movant filed its motion for relief prior to the expiration of the time to provide additional loss mitigation documents to the Movant in violation of RESPA and Regulation X, its motion should be denied.

**WHEREFORE**, the Debtor requests an order

(1) denying the motion for relief from stay of HSBC Bank USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2004-SD1, Asset Backed Pass-Through Certificates;

together with such other and further relief as this Court deems just and proper.

WALTER HUTTON, DEBTOR

/s/ David Lavery
David Lavery (ct29971 )
Beckett Law, LLC
543 Prospect Ave
Hartford, CT 06105
T: 860-236-1111
F: 860-236-0050
davidl@beckett-law.com

---

[3] 12 U.S.C. 2605(f). Damages and costs.
Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
  (1) Individuals. In the case of any action by an individual, an amount equal to the sum of—
    (A) any actual damages to the borrower as a result of the failure; and
    (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.
***
  (3) Costs. In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re<br><br>**Walter Hutton**<br><br>Debtor. | **Case no.: 15-22042**<br>**Chapter 13** |

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 28th day of April, 2016, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. **Documents Served**:

    1. Objection to Motion for Relief

2. **Parties Served Via First Class Mail**:

    1. Walter Hutton
       23 Sargeant Street
       Hartford, CT 06105

    2. Cavalry SPV I, LLC as assignee of CitiFinancial
       c/o Cavalry Portfolio Services, LLC
       Attn.: Raymond Cruz, Bankruptcy Specialist
       500 Summit Lake Drive, Ste. 400
       Valhalla, NY 10595

3. **Parties served via CM/ECF:**

    1. Suzann L. Beckett on behalf of Debtor Walter Hutton
       SuzannB@Beckett-Law.com, Carlao@Beckett-Law.com

    2. Andrew S. Cannella on behalf of Creditor HSBC Bank USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2004-SD1, Asset Backed Pass-Through Certificates
       bkecf@bmpc-law.com

    3. Jonathan E. Harding on behalf of Creditor State of CT, Department of Social Services, Bureau of Child Support Enforcement
       jonathan.harding@ct.gov

4. Cynthia Lauture on behalf of Creditor City of Hartford
   cynthia.lauture@hartford.gov

5. David Lavery on behalf of Debtor Walter Hutton
   davidl@beckett-law.com

6. Mitchell J. Levine on behalf of Creditor The Metropolitan District
   MLevine@nairlevin.com

7. Michael T. Rozea on behalf of Creditor Ocwen Loan Servicing, LLC, as servicer for HSBC Bank USA, N.A., as Trustee for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2004-SD1, Asset Backed Pass-Through Certifi
   mrozea@leopoldassociates.com, ecf@leopoldassociates.com

8. Linda A. Russo on behalf of Creditor State of CT, Dept. of Revenue Services
   linda.russo@ct.gov

9. U. S. Trustee
   USTPRegion02.NH.ECF@USDOJ.GOV

10. Molly T. Whiton
    mtwhiton@mtwhiton.com

Dated: April 28, 2016

   /s/ David Lavery
David Lavery (ct29971)
Beckett Law, LLC
543 Prospect Avenue
Hartford, CT  06105
T: (860) 236-1111
F: (860) 236-0050
DavidL@beckett-law.com